IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| SHAWN D. FREDERICKS and PEGGY FREDERICKS, <br><br> Plaintiffs, <br><br> vs. <br><br> GENEX COOPERATIVE INC., <br><br> Defendant. | CV 16-31-BLG-SPW <br><br> OPINION and ORDER |

Plaintiffs Shawn and Peggy Fredericks (collectively the "Frederickses") have moved to remand this case back to state court. For the following reasons, the Court grants the Frederickses' motion.

## I. Background

According to the Frederickses' Complaint, they purchased straws of bull semen from Defendant Genex Cooperative Inc. ("Genex") to artificially inseminate 143 heifers. The bull semen did not perform as expected, as only 40 of the heifers conceived. The Frederickses brought this suit against Genex in state court and allege five causes of action under state law. The Frederickses do not request a specific dollar amount but rather pray for "all damages as allowed by law." (Doc. 1-1 at 6.) The Frederickses also request an award of attorneys' fees.

1

Sometime prior to filing the lawsuit, Shawn Fredericks provided Genex a sheet showing his calculation of damages. (Doc. 8-1.) The document is not clear, and Shawn apparently drafted it to follow up on a conversation he had with a Genex representative. The letter is reproduced below:

Dwain Hould, this is what we talked about concerning my AI breed up.

AI'd 143 heifers (commercial), the registered heifers are not included in the 143.

60% conception of 143 = 86 AI bred expected.

Actual AI bred 40 hd per Broadus vet clinic on 8-4-15    28% Conception

**The following are cost estimations of losses.**
A.  60% targeted conception rate - 28% actual conception rate = 32% lost conception.
B.  60% of 143 = 86 hd AI conception - 40 hd of actual conception = 46 hd lost conception.

Salvage value of open heifers = $1700/hd per PAYS sale on 8-5-15.

Estimated replacement cost of same quality AI bred heifers is $3000.00
    3000 - 1700 = $1300.00 value lost per heifer = 46 x 1300 = **$59,800**
    This does not include the expense of AI expenses i.e.: CIDR's, reproductive shots, and labor. $25.00/hd x 46 = $1150.00. The cost of the semen is not included.

C.  Breed up record from Broadus Vet Clinic on 4 Aug 2015.
    40 hd  AI
    26 hd  open
    44 hd  65 - 75 days bred
    20 hd  50 - 60 days bred
    13 hd  < 50 days bred
    My historical breed up ( A.I. and natural service) is 90%.
    **At a 60% conception rate, 86 heifers should have caught A.I.**
    **My actual A.I. conception rate is 28% or 40 hd.**

D.  21 days x 2# gain/day x $2.575 = $108.15
    $ lost from 1st to 2nd cycle breed = 46 x108.15 = $4974.90 This does not include 3rd cycle bred.

E.  26 open commercial heifers x 1300 = $33,800.00

The above referenced cost figures are just that, real costs that we need to address. The larger issue is the impact on my commercial cow herd due to the loss of my A.I. sired Thunder daughters. I am confident that we will reach a fair resolution to this difficult situation.

Respectfully, Shawn D. Fredericks.

2

Genex added $59,800 (from paragraph B), $4,974.90 (from paragraph D), and $33,800 (from paragraph E) and concluded that the Fredericskes were demanding $98,574.90. The Fredericskes claim that the $33,800 figure in paragraph E is a calculation of what they made mitigating their damages by selling 26 heifers that resulted from Genex's failure to provide fertile bull semen. The Fredericskes contend that they did not intend for the $33,800 to be included in the damages total.

After the Fredericskes filed suit, counsel for the Fredericskes spoke about the case with Genex's counsel. During the meeting, the Fredericskes' counsel represented that damages exceed $80,000. There is no documentary evidence of this meeting, and there is no indication of how the Fredericskes' counsel reached that figure. The Fredericskes contend that their counsel's assertion was inaccurate and notified Genex of this error before filing the instant motion. (Doc. 11-3.)

Genex removed the action from state court to this Court and asserts that this Court has diversity jurisdiction over this matter. On April 19, 2016, Genex submitted a settlement letter to the Fredericskes. Genex denied liability in the letter, but it also contained a detailed damages calculation. According to Genex, the Fredericskes' "very best day in Court" would result in a recovery of $21,200. (Doc. 6-1 at 3.) The Fredericskes move for this Court to remand the action back to state court.

## II. Legal Standard

A defendant may remove a case to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Relevant here, federal courts have original jurisdiction if there is complete diversity among the parties and the amount in controversy is at least $75,000. 28 U.S.C. § 1332(a). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The defendant has the burden of overcoming a strong presumption against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When a complaint does not specify a particular amount of damages, the defendant must prove by a preponderance of the evidence that the amount exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Any doubt should be resolved in favor of remand to the state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. Analysis

The Frederickses concede that there is complete diversity among the parties. The Frederickses instead argue that Genex has failed to establish that the amount in controversy exceeds $75,000. The Frederickses point out that the damages calculations exchanged via letter by the parties all reflect a total damage calculation of less than $75,000. The Frederickses argue that their counsel's

4

representation that the case was worth $80,000 was a mistake and not an accurate valuation. The Fredericskes argue that Genex did not have an objectively reasonable argument when it removed this case and that it should be required to pay the attorneys' fees associated with remanding the action back to state court. Genex interprets Shawn Fredericks's pre-litigation letter as claiming $98,574.90 in damages. Genex also points out that the Fredericskes are requesting attorneys' fees, which if awarded could push the total amount in controversy over $75,000. Genex argues that even if remand is appropriate, it acted reasonably and that a sanction is unwarranted.

### A. The Amount in Controversy

The Court finds that Genex has not met its burden of proving that the amount in controversy exceeds $75,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, documents from both the Fredericskes and Genex value the case at below $75,000. Crediting Shawn Fredericks's interpretation of his own letter, he only calculated $64,774.90 in damages. Genex estimated that the most the Fredericskes could recover was $21,200. The Court recognizes that the Fredericskes' counsel verbally represented that the case was worth $80,000. He has since backtracked from this statement. Since any doubt is resolved in favor of remand, the Court finds no

5

reason to conclude that the actual amount in controversy exceeds the parties' estimates.

Nor does the Fredericses' claim for attorneys' fees support a finding that the amount in controversy exceeds $75,000. First, the Court cannot find, and the parties do not supply, a statutory or contractual basis to award attorney fees in this case. Second, Genex has not established that the award of attorney fees would push the amount in controversy over the jurisdictional threshold. Supposing that Shawn Fredericks's damages estimate of $64,774.60 is correct, the Fredericses would need to incur over $10,000 in attorneys' fees. While that is certainly possible and maybe even a likely amount, the Court finds that the remote possibility of the award of significant attorney fees is insufficient to support a finding that the amount in controversy exceeds $75,000.

## B. Sanctions

When granting a motion to remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that Genex had an objectively reasonable basis for seeking removal. Shawn Fredericks's letter was not a model of clarity, and Genex

6

reasonably interpreted the amount found at paragraph E to be included in the total damages calculation. Further, the Fredericks' counsel represented the case's value exceeded $75,000. While he later corrected himself after the case was removed, diversity jurisdiction is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Genex did not act unreasonably by relying on a representation that the jurisdictional threshold was met prior to removal. The Court declines to award attorney fees.

**IV. Conclusion**

Genex has failed to establish that this Court has jurisdiction over this matter. Accordingly, IT IS HEREBY ORDERED:

1. The Fredericks' Motion to Remand and for an Award of Attorney's Fees and Costs (Doc. 5) is GRANTED as to remand but DENIED as to the award of attorney fees.

2. The preliminary pretrial conference set for May 26, 2016 is VACATED.

3. The Clerk of Court shall remand this case to the Montana Twenty-Second Judicial District Court, Big Horn County.

DATED this 25th day of May, 2016.

SUSAN P. WATTERS
United States District Judge